FILED

04/27/2022

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 13, 2022

**DAMONTA M. MENEESE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2014-C-2274    Angelita Blackshear Dalton, Judge**

———————————————————————

**No. M2021-01137-CCA-R3-PC**

———————————————————————

The petitioner, Damonta M. Meneese, appeals the post-conviction court's dismissal of his petition for post-conviction relief, arguing the post-conviction court erred in finding his petition untimely. Upon our review of the record, the applicable law, and the briefs of the parties, we affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JILL BARTEE AYERS and JOHN W. CAMPBELL, SR., JJ., joined.

Damonta M. Meneese, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Glenn Funk, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

A Davidson County jury convicted the petitioner and his co-defendant, Alexander R. Vance, of second-degree murder, felony murder, especially aggravated robbery, and three counts of aggravated assault. *State v. Alexander R. Vance and Damonta M. Meneese*, No. M2017-01037-CCA-R3-CD, 2018 WL 5840686, at *1 (Tenn. Crim. App. Nov. 7, 2018), *perm. app. granted* (Tenn. Feb. 20, 2019). The trial court merged the second-degree murder conviction into the felony murder conviction, and the petitioner received an

effective sentence of life imprisonment plus nine years.[1] *Id.* This Court affirmed his convictions and sentence on direct appeal. *Id.* The petitioner's co-defendant filed a Rule 11 application for permission to appeal to the Tennessee Supreme Court, which was granted on February 20, 2019. *Id.* However, the petitioner was not a party to the Rule 11 application. *State v. Vance*, 596 S.W.3d 229, 234 n.1 (Tenn. 2020).

In June 2018, the petitioner's trial counsel was suspended from the practice of law. However, trial counsel failed to inform the petitioner or to withdraw from the case. In June 2020, the petitioner wrote to the appellate clerk's office requesting an update on his case, and, on June 27, 2020, trial counsel wrote to the petitioner and informed him that the supreme court had affirmed this Court's opinion in February 2020. Therefore, according to trial counsel, the petitioner had until March 2021 to file a petition for post-conviction relief. Trial counsel also confirmed that his law license was suspended from June 2018 until June 19, 2020.

On April 20, 2021, the petitioner filed a pro se petition for post-conviction relief, arguing trial counsel was ineffective for failing to include a Confrontation Clause issue on direct appeal; failing to inform the petitioner when his law license was suspended; failing to inform the petitioner that his direct appeal was denied; failing to inform the petitioner that he could file a Rule 11 application to appeal to the Tennessee Supreme Court; incorrectly informing the petitioner of the deadline to file a petition for post-conviction relief; and failing to provide the petitioner with his trial record. The post-conviction court dismissed the petition in a written order, finding the petition was time-barred and no exceptions existed which prevented the petitioner from pursuing his claims in a timely manner. Specifically, the post-conviction court noted that, because "the appellate mandate was entered as to both defendants on March 16, 2020, . . . trial [counsel] correctly stated that [the petitioner] had until March of 2021 to file his petition for post-conviction relief,"[2] but the petitioner failed to file his petition until April 20, 2021. Additionally, the post-conviction court found the petitioner "made no demonstration of circumstances beyond his

---

[1] Although it appears the petitioner's sentence is listed as "life imprisonment plus twenty-one years" in numerous places, including the petitioner's and State's briefs in the instant case and the direct appeal, our review of the judgment sheets indicates the petitioner's effective sentence is life imprisonment plus nine years. We note this discrepancy has no bearing on the case before us.

[2] The supreme court's opinion was filed on February 25, 2020. Since both the post-conviction court and trial counsel believed the petitioner was a party to that opinion, it is unclear why they believed the petitioner had until March 2021 to file his petition for post-conviction relief. By their logic, the petitioner's deadline should have been February 25, 2021.

control that would have prevented him from petitioning this [c]ourt between June 27, 2020 and March 16, 2021 to have the case reviewed."[3]  This timely appealed followed.

## *Analysis*

On appeal, the petitioner argues the post-conviction court erred in dismissing his petition for post-conviction relief.  Specifically, the petitioner argues trial counsel's numerous failures constituted abandonment and resulted in his inability to file a timely petition.  The State contends the post-conviction court properly dismissed the petition as untimely, despite incorrectly stating the petitioner was a party to the supreme court's opinion.

The Post–Conviction Procedure Act states the following:

> [A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred.

Tenn. Code Ann. § 40-30-102(a).  Pursuant to Tennessee Code Annotated section 40-30-102(b), a court does not have jurisdiction to consider a petition for post-conviction relief filed outside the one-year statute of limitations unless "[t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required[,]" "[t]he claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted[,]" or the petitioner "seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid[.]"  Tenn. Code Ann. § 40-30-102(b).

Tennessee courts "have previously recognized that in certain circumstances, strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process."  *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001).  When a petitioner fails to timely file a petition for post-conviction relief due to circumstances outside of his control, due process requires tolling

---

[3] As discussed further *infra*, the petitioner was not a party to his co-defendant's Rule 11 permission to appeal to the Tennessee Supreme Court, and therefore, the petitioner had until November 7, 2019, one year from the date this Court filed its opinion, to file his petition for post-conviction relief.

- 3 -

of the statute of limitations. *Id.* at 468-69. Due process concerns may toll the statute of limitations when the petitioner is mentally incompetent or if the petitioner's trial counsel misrepresented to the petitioner that trial counsel was still representing the petitioner, thereby precluding the petitioner from filing a pro se petition for post-conviction relief. *Id.* at 469 (citing *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000)). Additionally, "in certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise after the 'final action of the highest state appellate court to which an appeal is taken' – or, in other words, when the grounds arise after the point at which the limitations period would normally have begun to run." *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995) (quoting Tenn. Code Ann. § 40-30-102(a)); *see also Burford v. State*, 845 S.W.2d 204, 210 (Tenn. 1992).

"A petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). A petitioner can establish the second prong of this test "when the [petitioner]'s attorney of record abandons the [petitioner] or acts in a way directly adverse to the [petitioner]'s interests, such as by actively lying or otherwise misleading the [petitioner] to believe things about his or her case that are not true." *Id.* Additionally, establishing that he has pursued his rights diligently "does not require a [petitioner] to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts[.] Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system." *Id.* (citing *Downs v. McNeil*, 520 F.3d 1311, 1323 (11th Cir. 2008)) (internal quotation marks omitted).

The petitioner argues trial counsel abandoned him by failing to inform him of the suspension of his law license; failing to inform him that his direct appeal had been denied; failing to inform him of his right to file a Rule 11 application; and failing to withdraw from the case following his suspension. Additionally, the petitioner contends trial counsel provided the petitioner with the incorrect date by which to file his petition for post-conviction relief. In support of his arguments, the petitioner presented a letter from trial counsel dated June 27, 2020, in which trial counsel admitted his law license was suspended from June 2018 until June 2020. Trial counsel also informed the petitioner that, because his appellate case file was closed in March 2020 following the issuance of the supreme court's opinion on February 25, 2020, the petitioner had until March 2021 to file a petition for post-conviction relief. The letter indicated that "the [c]ourt ha[d] sent [the petitioner] a copy of [his] record," and encouraged the petitioner to contact trial counsel if he had any further questions or "need[ed] more direction." However, the petitioner was not a party to

the supreme court's opinion,[4] and thus, "the date of the final action of the highest state appellate court to which an appeal [was] taken" was on November 7, 2018, when this Court issued an opinion affirming the trial court's judgments. *See* Tenn. Code Ann. § 40-30-102(a). The petitioner's petition for post-conviction relief was filed on April 20, 2021—seventeen months after the expiration of the statute of limitations.

In *Whitehead*, the petitioner's appellate counsel miscalculated the deadline for filing the petition for post-conviction relief and did not send the petitioner his case file until the correct deadline had passed. *Whitehead*, 402 S.W.3d at 621. In applying the two-prong test to the petitioner's case, our supreme court concluded the petitioner had pursued his rights diligently. *Id.* at 632. Specifically, the petitioner began researching case law when he received appellate counsel's letter containing the incorrect filing date and drafted a thirty-two-page petition, which he submitted by the incorrect deadline. *Id.* Our supreme court also determined the petitioner "faced an extraordinary combination of circumstances that prevented him from filing his post-conviction petition on time—circumstances that were tantamount to attorney abandonment." *Id.* Therefore, our supreme court held that "the principles of due process and fundamental fairness require that the statute of limitations" in the Post-Conviction Procedures Act be tolled. *Id.* at 634.

Unlike the Court in *Whitehead*, we cannot conclude the petitioner in the instant matter was diligently pursuing his rights under the first prong of the test. Even if we conclude trial counsel abandoned the petitioner following his direct appeal, the petitioner failed to file his petition for post-conviction relief by the incorrect deadline given by trial counsel, despite having nine months to do so, and has not presented evidence of any circumstances that would have prevented him from filing his petition in the intervening nine months between trial counsel's letter and the incorrect deadline. We do not find this to be one of those rare cases in which it would be "unconscionable to enforce the limitation period against [the petitioner][.]" *Id.* at 631-32.

Because the petition is untimely and due process considerations do not require tolling of the statute of limitations, the post-conviction court properly dismissed the petition as time-barred.

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court.

---

[4] *Vance*, 596 S.W.3d at 234 n.1.

_____
J. ROSS DYER, JUDGE